ABNER HAWLEY

*against*

GARDNER CLERK and JOHN HAZLETINE.

In an action of trespass *vi et armis* for an injury done to personal property, if the plaintiff describes the *locus in quo* in his declaration as a close, and alleges a breaking and entering and doing damage, if he does not set forth a seisin or possession of the close in any one, this shall be considered as mere *surplusage*, and the declaration will on demurrer be held good, if without this it contains sufficient to sustain an action of trespass *vi et armis* for a chattel injury.

THE plaintiff declared in a plea of trespass *vi et armis.*

Whereupon the plaintiff declares and says, that the defendants, on the 13th of *October*, A. D. 1800, at *Wallingford, Rutland* County, with force and arms, *broke and entered* a certain close or lot of land in said *Wallingford*, on which *Jonathan Streater* lately lived, called the *Streater Farm ;* and having so entered as aforesaid, with like force and arms, *picked* and carried away about thirty bushels of good Indian corn, then and there standing on said close, being the property of the plaintiff. And the defendants having so entered as aforesaid, on the day and year last aforesaid, in like unlawful manner as aforesaid, without law or right, did take and carry away out of said close about twenty shocks of oats, and about two tons and a half of hay, all the property of the plaintiff, *et alia enormia contra pacem, ad dammum,* 100 dollars.

Special demurrer, that the suit is an action of trespass on the freehold ; and that the close pretended to have been broken, and in which the said pretended trespass is therein complained of, is not in the declaration described as the property, or to have been in possession of the plaintiff. Joinder,

*John A. Graham,* in support of the demurrer. There is a distinction found in the books between

an injury done to *personal* and to *real* property. When an injury is done to the former, the person in whom the general property in a personal chattel is, may maintain an action of trespass for the taking or injuring of the chattel by a stranger, although he never had a possession thereof in fact; for a general property always draws to it a possession in law, which is, in the case of a personal chattel, by reason of the transitoriness of its nature, sufficient to found this action upon; but where the injury is done to real property, *only the person who has the possession in fact* of the real property, can maintain an action of *quare clausum fregit*, a general property not being in the case of real property, as it is in personal, sufficient to found this action upon.

The present declaration is an action of trespass on the freehold, for an injury especially done to the land, to wit, *breaking and entering the close, and picking and carrying away thirty bushels of Indian corn, then and there standing*. But the plaintiff has not alleged that he was in possession, or even had a title to the estate. All the books of entries, exhibiting declarations, show the form of them as stating the seisin and possession to be in the plaintiffs. I have in my hand the third volume of Lord *Raymond's Reports*, containing the entries of pleadings to the cases comprehended in the two former volumes. In page 113, we have a declaration in trespass for breaking and entering the plaintiff's close. " *William Peckham*, late of *Rumboldswick*, in the County aforesaid, gentleman, and *John Peckham*, gentleman, of said *Rumboldswick*, were attached to answer unto *Stephen Neville*, of a plea wherefore with force and arms *the close of him* the said *Ste-*

Hawley
v.
Clerk and Hazletine.

*Bac. Abr.* vol. 6.
p. 562, 566.

*phen Neville,* at the parish of *Rumboldswick*, they broke and entered, *and his grass*, to the value of forty shillings, there lately growing, with their feet in walking they depastured, trod down, and consumed." So we shall find the whole current of *English* forms. So we have always declared in this State. For every plaintiff, to make out his case, must not only show in his declaration that he has been injured, but that he has a legal right to complain in the mode he has elected. Now what right has the plaintiff shown in his declaration, that he has to complain of the defendants' breaking and entering the close of *Jonathan Streater?* Does he appear as *amicus curiæ?* or is it true that the age of chivalry is not gone, and that the plaintiff is to be countenanced like a gallant knight, to ride through the land as the redoubtable redresser of others wrongs.

*Daniel Chipman, e contra.* Although we acknowledge that the declaration is rather unskilfully drafted, yet we consider it to be sufficiently explicit to sustain the action.

There can be no doubt that an action of trespass *vi et armis* will lie for unlawfully taking property on the land of another; and it will appear, by inspection of the declaration, that this is the ground of the plaintiff's plaint. The plaintiff intended to state, that on the 13th of *October*, 1800, the defendants with force and arms took and carried away from his possession, thirty bushels of Indian corn, twenty shocks of oats in the stock, and two tons and a half of hay. As he esteemed it necessary to allege a *venue.* He meant simply to state, that the trespass was committed at a place called the *Streater Farm*, in *Walling-*

*ford.* In doing this he has inadvertently described the place as a close, and alleged that the defendants broke and entered it. He has not set forth any title or possession of the close in *Streater ;* for it is described as " the close or lot on which *Jonathan Streater* lately lived," called the *Streater Farm ;* nor has he alleged any seisin or possession of the close in himself, which he would have done had he intended an action *quare clausum fregit.* This circumlocutory description of the place where the trespass was committed, by taking his property, must therefore be considered as *mere surplusage ;* for without this the declaration is well laid for an injury to personal property. The ground of the action of trespass *vi et armis,* for an injury to personal property is, that the plaintiff was in possession of chattels, and that the defendant have devested him of them, contrary to law. All this is sufficiently set forth in the declaration.

*Samuel Walker,* in reply. The very ingenious gloss our learned opponent has given to the declaration in question, is the first intimation we have received that the plaintiff complains of a mere chattel injury. We are charged with breaking and entering a close, with *picking* and carrying away his Indian corn ; which appears by the phrase *picking* to have been attached to the freehold. It is true we are further charged with taking and carrying away certain personal property ; but this is commonly alleged among the *alia enormia* of the declaration *quare clausum fregit.* But it is said, that it is not alleged that the seisin or possession of the close was in any one. We had never imagined the declaration to be per-

fect, and therefore we demurred, and especially set down this defect as our cause of demurrer.

But it seems that the description of the close, the breaking and entering and destroying the crop, those prominent features in an action for trespass on real property, are now attempted to be considered as mere surplusage.

We understand a surplusage in law to be like the pleonasm in rhetoric, which consists in the use of superfluous words; words which convey ideas already expressed; words not contradictory or repugnant to the text, but *unnecessary*. The belles lettres critic will purify his style from such verbiage. In law we have likewise a pleonasm, called a surplusage, which also consists in the use of superfluous words. These are not, however, to be expunged, as the law cannot descend to the petty purities of style; but they are to be considered as inadvertently used, and to pass for nought. The law has, however, allowed some words which are not mere pleonasms to be considered as surplusage; as when the plaintiff alleges an impossible thing, or states a thing imperfectly which need not have been mentioned, or omits any words, though not repugnant to the preceding words, by which what was insensible is made sensible.

Of this surplusage we have many examples in the books.

If the plaintiff declares, *quod cum ipsi idem def.* &c. this shall not be bad, for *ipsi* is surplusage. 2 *Mod. Ca.* 377.

If a trespass *temp. Eliz.* be alleged to be *contra pacem nup. reginæ, et regis nunc*, it is not bad; for

*regis nunc* shall be surplusage. *R*. II. *Cro*. 377. 3 *Bull*. 82.

In the case of *Dorney* v. *Cashwood*, *B. R*. 1 Lord *Raym*. p. 266. we have, besides the principal case, several instances of surplusage quoted by the learned Judges; which, with the numerous cases cited in the margin, puts this doctrine of surplusage on its true ground. It appears, that although great allowance is made for prothonotarial blunders, yet a plaintiff must not presume on this so far as to encumber the record with allegations or recitals which show that he has no cause of action. He cannot in such cases excuse himself by saying all this is surplusage. Therefore we read, that if a man, by the allegation of a thing not necessary, shows that he has no cause of action, this, though surplusage, shall hurt; as in assise, if the plaintiff makes a title which he need not, and the title is not good, the whole shall abate. *Com. Dig*. vol. 5. 342. tit. *Pleader*, c. 29.

So if a man misrecites a statute in a material place, when it need not have been recited, it is fatal. Ib. and *Pl. Com*. 84. b.

In the present case, the plaintiff has declared that we have trespassed by breaking and entering a certain close, described as known by the name of the *Streater Farm* or *Lot*, and there done injury to the freehold by picking Indian corn thereon standing. We demur because he has not shown any interest in the close. If he had alleged any seisin or possession, a legitimate defence would have been seisin, possession, or right of entry in us. Shall we now be told, although you may have prepared and relied on such defence, all that I have alleged respecting

the breaking and entering the close, and doing damage to real property, is mere surplusage; for I complain only of a mere chattel injury. Will the doctrine of surplusage, as laid down in the books, justify this? We would inquire, what is the intent of the declaration? Is it not that the defendant may be informed specifically of the nature and extent of the plaintiff's claim, that he may be prepared to confess it by default, or meet it by defence. That a party who may be summoned or attached to answer in our courts of justice, may be well ascertained of the nature and extent of the plaintiff's claim, our Legislature have wisely provided, that the declaration, filed in Court by the *English* practice, should accompany the process by which he is cited to appear and answer to it, and that the service should be made at least twelve days before the session of our higher courts; but to carry the doctrine of surplusage so far as is contended for in the present case, would defeat the designs of the Legislature; for it would be of little import to a party to have the copy of a declaration which could only mislead him as to the nature of the action.

If this is not surplusage, it seems conceded by our opponent, that the declaration is insufficient in omitting to allege, that the seisin or possession of the close was in the plaintiff, and our demurrer must prevail.

The Chief Judge delivered the opinion of the Court; *Tyler*, Assistant Judge, *dubitante*.

The plaintiff declares in trespass *vi et armis*, for that the defendants, on the 13th of *October*, 1800, with force and arms broke and entered a certain

close or lot of land in *Wallingford*, on which *Jona-than Streater* lately lived, called the *Streater Farm*, and having so entered, with like force and arms picked and carried away about thirty bushels of Indian corn then and there standing, being the property of the plaintiff, and also with like force took and carried away out of said close about twenty shocks of oats in the stack, and about two tons and a half of hay, also the property of the plaintiff.

To this declaration the defendant demurs specially in substance, that it does not set forth any seisin or possession of the close in the plaintiff, and he contends, that the plaintiff hath not therefore shown any right of action.

It is very clear, that if this declaration is to be considered as in trespass *quare clausum fregit*, it is defective. But the plaintiff avoids this by insisting, that the allegation of breaking and entering the close is merely surplusage, and on this point the demurrer must be decided.

It appears to the Court, that there is sufficient in the declaration to sustain an action of trespass for an injury done to personal property. The claim of the plaintiff could not have been misapprehended by the defendants. He has not alleged the seisin or possession of the close to have been in him or any other person, but he has alleged the property of the chattels to be in himself. The declaration is sufficient for an injury done to personal property, or it is nought. The mistake seems to have been made in describing the *locus in quo*, where the trespass was committed. The Court are not inclined to quash declarations under which justice may be done. The declaration is untechnically drawn, and a motion for

<div style="margin-left:auto">

Hawley
v.
Clerk and Ha-
zletine.

</div>

amendment would certainly have prevailed. As it is, the Court are inclined to consider the allegation of breaking and entering a close, in which the plaintiff sets forth neither seisin or possession, comes within the rule laid down in *Comyns' Digest*, " that if a man in a declaration makes an imperfect mention of a thing which need not be mentioned, it is not prejudicial, and therefore to be considered as surplusage, and judgment must be entered that the declaration is sufficient.

<div style="text-align:right">

Declaration sufficient.

</div>

*Daniel Chipman,* for plaintiff.
*John A. Graham* and *Samuel Walker,* for defendants.